UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ADAM L. COOK, ) | CASE NO. 1:07 CV 3185 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | |
| MARC DANN, et al., ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants. ) | AND ORDER |
| ) | |

On October 16, 2007, pro se plaintiff Adam L. Cook filed the above-captioned in forma pauperis complaint against Attorney General Marc Dann and Astabula County Prosecutor Thomas Sartini pursuant to 42 U.S.C. § 1983. Mr. Cook is seeking compensation for time served on a conviction which he alleges the Eleventh District Court of Appeals overturned in 2005.[1] He is seeking $50,000.00 in damages.

*Background*

Mr. Cook states that in November 2003 he was imprisoned for eighteen months following a conviction for felonious assault. He appealed his conviction to the Eleventh District

---

[1] On the Civil Cover Sheet filed with the complaint, Mr. Cook describes his Cause of Action as "wrongful incarceration, gross negligence."

Court of Appeals in December 2005. The appeals court allegedly found "[t]he first error was with [sic] moot, and the conviction was overturned in Oct. 2005." (Compl. at 4.) Since receiving the judgment, Mr. Cook complains he has yet to receive any compensation for the time he served. In closing, he states "I have actually been through the judicial system and bound over for an unrelated crime of vehicular homicide which occurred Oct. 2003." (Compl. at 4.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Civil Rights Action*

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).

As a threshold matter, Mr. Cook has not alleged in what unlawful legal act the defendants have engaged. Beyond a general statement that his "conviction was overturned in Oct. 2005," Mr. Cook provides no support for any claim that the defendants are personally liable for depriving him of any constitutional right. Further, state prosecutors who act within the scope of their duties in initiating and pursuing a criminal prosecution and presenting the state's case are absolutely immune from civil suit for damages under Section 1983 for alleged deprivations of the accused's constitutional rights. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Both defendants, as prosecuting attorneys, would therefore be absolutely immune from suit for plaintiff's prosecution. Id. at 431, n. 4; see Jones v. Shankland, 800 F.2d 77, 80 (6th Cir.1986).

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT

December 20, 2007

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.